FILED: October 3, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4152
(8:21-cr-00167-HMH-1)
_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

v.

PATRICK FITZGERALD CLEMONS

        Defendant - Appellant

_____

O R D E R

_____

Pursuant to Rule 244 of the South Carolina Appellate Court Rules, we respectfully certify the following questions of law to the Supreme Court of South Carolina:

1. What mental state is required to commit South Carolina Assault and Battery Second Degree, in violation of S.C. Code § 16-3-600; and
2. What mental state is required to commit South Carolina Criminal Domestic Violence of a High and Aggravated Nature, in violation of S.C. Code § 16-25-65?

We acknowledge that the Supreme Court of South Carolina may restate the questions. As we explain, no controlling South Carolina authority directly answers these questions. Moreover, the answers will determine whether Clemons qualifies as an armed career criminal and whether his currently imposed sentence exceeds the applicable

statutory maximum. Therefore, the answers to the above-stated questions will be determinative of this appeal.

## I.

The relevant facts, as stated by the parties, are as follows:

> In August 2021, a grand jury sitting in the District of South Carolina charged Clemons in a four-defendant, six-count superseding indictment. Later that month, Clemons pleaded guilty without a written plea agreement to being a felon in possession of a firearm.
>
> A presentence investigation report (PSR) prepared for sentencing determined Clemons was subject to a 15-year mandatory minimum under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2020), based on two prior convictions for South Carolina Criminal Domestic Violence of a High and Aggravated Nature (CDVHAN) and one conviction for South Carolina Assault and Battery Second Degree (AB2d). Clemons objected to his armed career criminal designation, arguing none of the three convictions is a predicate violent felony under the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021), which held that a prior conviction is an ACCA predicate only if the use of force "against the person of another" was directed at, or targeted, another individual.
>
> The district court convened for sentencing in February 2022. It overruled Clemons' objection and calculated the Guidelines range to be 180 to 210 months. The court departed downward three levels on the Government's motion and imposed a sentence of 145 months in prison. Clemons filed a notice of appeal the same day. In his opening brief before this Court, Clemons argues his CDVHAN and AB2d convictions are not ACCA predicates under *Borden* because both crimes can be committed with reckless or negligent conduct.

Mot. Certify, ECF No. 30 (record citations omitted).

## II.

The Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e), prescribes a 15-year

2

mandatory sentence for any person who illegally possesses a gun who has three or more prior offenses for a violent felony. The Supreme Court in *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021), clarified that an offense requiring only a *mens rea* of recklessness cannot qualify as a violent felony for purposes of ACCA.

Neither of the two statutes of conviction relevant here, S.C. Code §§ 16-3-600 and 16-25-65, describes the *mens rea* required for commission of the offense. Nor have we found controlling authority on this issue in the case law of South Carolina's Supreme Court or Court of Appeals.

Determination of the required mental state for commission of these two South Carolina offenses is necessary for the disposition of this appeal. The issue has arisen frequently in other cases since the Supreme Court's decision in *Borden* as well. *See, e.g.*, *United States v. Mack*, No. 21-4191 (4th. Cir. docketed Apr. 22, 2021) (Assault and Battery First Degree); *United States v. Samuel*, No. 20-4427 (4th. Cir. docketed Aug. 19, 2020) (Assault and Battery of a High and Aggravated Nature); *United States v. Blades*, No. 21-4472, (4th. Cir. docketed Sept. 3, 2021) (Assault and Battery Second Degree and Criminal Domestic Violence Second Degree); *United States v. Jenkins*, No. 9:19-cr-438-DCN, ECF No. 74 (D.S.C. May 13, 2022) (resentencing stayed pending determination of *mens rea* for Assault and Battery Second Degree in *Blades*); *United States v. Canada*, No. 6:20-cr-00471-HMH, ECF No. 166 (D.S.C. Aug. 29, 2022) (Criminal Domestic Violence Third Degree); *United States v. Thompson*, No. 3:21-cr-00291-MGL-1, ECF No. 53 (D.S.C. Aug. 23, 2022) (sentencing stayed pending determination of *mens rea* for Assault and Battery of

3

a High and Aggravated Nature in *Samuel* and *Blades*); *United States v. Brooks*, No. 3:21-cr-00142-TLW, ECF No. 51 (D.S.C. May 4, 2022) (Assault and Battery of a High and Aggravated Nature).

Accordingly, the facts presented in this appeal raise questions of South Carolina law for which there is no controlling precedent, and we are unable to predict with confidence how the Supreme Court of South Carolina would rule.

III.

In light of the above, we respectfully request that the Supreme Court of South Carolina accept and answer the foregoing certified questions to provide the parties, the courts, future litigants, and the public with definitive guidance on these issues.

We direct the Clerk of Court to forward a copy of this order under official seal to the Supreme Court of South Carolina.

Entered with the concurrence of Judge Agee and Judge Diaz.

*QUESTIONS CERTIFIED*

_____
Honorable Barbara Milano Keenan
Senior Circuit Judge